**Seruanine PERSAD, Petitioner–Appellant,**

v.

**James CONWAY, Warden, Attica Correctional Facility, Respondent–Appellee.**

No. 08–1289–pr.

United States Court of Appeals, Second Circuit.

March 8, 2010.

Randa D. Maher, Law Office of Randa D. Maher, Great Neck, NY, for Petitioner.

Ashlyn Dannelly, Assistant Attorney General for the State of New York (Priscilla Steward, Assistant Attorney General for the State of New York, Barabara D. Underwood, Roseann B. MacKechnie, Solicitor General's Office of the State of New York, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, and DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Seruanine Persad appeals the judgment of the district court denying his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Persad contends that the jury charge was unbalanced to such an extent, and infected his trial with such unfairness, that his conviction must be vacated. To succeed on his claim, Persad must establish that: (1) the jury charge was unbalanced in violation of New York law; (2) the unbalanced charge violated Persad's Four-

teenth Amendment right to due process; and (3) habeas relief is available pursuant to 28 U.S.C. § 2254(d). *See Harris v. Alexander,* 548 F.3d 200, 203 (2d Cir.2008).

Although we conclude that the charge was unbalanced in violation of New York law, *see People v. Williamson,* 40 N.Y.2d 1073, 1074, 392 N.Y.S.2d 255, 360 N.E.2d 933 (N.Y.1976); *People v. Bell,* 38 N.Y.2d 116, 123, 378 N.Y.S.2d 686, 341 N.E.2d 246 (N.Y.1975), we nonetheless affirm because Persad suffered no deprivation of due process. The decisive inquiry is whether the unbalanced instruction, understood in the context of the charge and the trial as a whole, see *Gaines v. Kelly,* 202 F.3d 598, 606 (2d Cir.2000), "by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *see also Jackson v. Edwards,* 404 F.3d 612, 624 (2d Cir.2005) (framing the issue as whether the instruction was "sufficiently harmful to make the conviction unfair." (internal quotation marks omitted)).

Here, the prosecution adduced overwhelming evidence of Persad's guilt, including the testimony of multiple witnesses, positive identifications (both during the investigation and in-court during trial), Persad's own statement, and Persad's flight upon learning that he was under investigation for the shooting. In light of this evidence, the unbalanced charge did not deprive Persad of his due process rights under *Cupp.*

Finding no merit in Persad's remaining arguments, we hereby **AFFIRM** the judgment of the district court.